IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| KRISTIN WORTH, *et al.*,<br><br>    *Plaintiffs-Appellees*,<br><br>v.<br><br>BOB JACOBSON, in his individual capacity and in his official capacity as Commissioner of the Minnesota Department of Public Safety *et al.*,<br><br>    *Defendant-Appellant*. | No. 23-2248<br><br>(0:21-cv-01348-KMM-LIB) |

**MOTION TO SUPPLEMENT THE RECORD**

    Pursuant to Federal Rules of Appellate Procedure 10 and 27, Plaintiffs move to supplement the record in the above-captioned matter. In support of this motion, Plaintiffs state:

    1.    "Generally, an appellate court cannot consider evidence that was not contained in the record below. However, this rule is not etched in stone. When the interests of justice demand it, an appellate court may order the record of a case enlarged." *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993) (citations omitted). In particular, courts "may consider any evidence bearing on whether the appeal has become moot," *Constand v. Cosby*, 833 F.3d 405, 409 (3d

1

Appellate Case: 23-2248     Page: 1     Date Filed: 12/05/2023 Entry ID: 5341707

Cir. 2016), and therefore this Court "may receive facts relevant to that issue." *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992).

2. Courts have often considered supplemental evidence on appeal "in settings similar to this one." *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011) ("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury"); *Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering member declarations "[a]long with [a party organization's] briefs" when analyzing the issue of the party's associational standing); *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006) (supplementing record with new declarations that "resolve[d] [a] standing issue and illuminate[d] [a] mootness issue"); *Cedar Coal Co. v. United Mine Workers of America*, 560 F.2d 1153, 1166 (4th Cir. 1977) ("We think [affidavits submitted to the appellate court] may be considered in ascertaining whether the cases are moot, although they should not be considered in ascertaining the merits. This is so because there was no mootness question before the district court, so we are not reviewing that. Rather we are deciding whether the cases are now moot.").

3. Indeed, this Court has previously granted a motion to supplement the record with an affidavit detailing new factual developments in the case "because the issue of mootness is relevant at any stage in the proceedings." *Bright v. Taylor*, 554

2

Appellate Case: 23-2248     Page: 2     Date Filed: 12/05/2023 Entry ID: 5341707

F.2d 854, 858 n.3 (8th Cir. 1977); *see also In re Rodriguez*, 258 F.3d 757, 759 (8th Cir. 2001) (Issues, including mootness, going to the Court's jurisdiction, "may be raised at any stage of the proceedings").

4. This case involves restrictions on the rights of 18-to-20-year-olds to carry firearms for self-defense in Minnesota. By their nature, the restrictions Plaintiffs challenge no longer affect individuals after they turn 21.

5. Plaintiffs in this case are three individuals, Kristin Worth, Austin Dye, and Axel Anderson, as well as three organizations who count them as their members, Second Amendment Foundation, Firearms Policy Coalition, Inc., and Minnesota Gun Owners Caucus (collectively "Organizational Plaintiffs").

6. Plaintiffs Dye and Anderson have turned 21. Plaintiff Worth will turn 21 later this month, raising the possible (although meritless) argument that the case will be moot, because the organization's standing depends upon at least one of their members having standing in their own right. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

7. To avoid any suggestion of mootness in this case, Plaintiffs are submitting along with this motion the affidavit of Joe Knudsen, a 19-year-old resident of Washington County, Minnesota, who is a member of each of the Organizational Plaintiffs and who has standing to challenge the laws at issue in this case. *See* Decl. of Joe Knudsen ¶¶ 1–6 (attached as Exhibit A) ("Knudsen Decl.").

3

Because the Organizational Plaintiffs continue to have at least one member with standing to challenge these laws, they retain standing to challenge them as well and this case is not moot or likely to become moot.

8. As with the affidavit accepted in *Bright*, Knudsen's affidavit "does not really present anything new" in this case that was not brought out before the district court. 554 F.2d at 858 n.3; *compare* Knudsen Decl. *with* R. Doc. 43-3, at 2–3 (making materially identical allegations on behalf of Austin Dye). It does not alter any of the questions on which the district court's merits opinion turned, but merely establishes that there continues to be a live case and controversy between the parties. *See Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("In a facial constitutional challenge, individual application facts do not matter. Once standing is established, the plaintiff's personal situation becomes irrelevant.").

For these reasons, the Court should grant Plaintiffs' motion and supplement the record with the Declaration of Joe Knudsen.

Dated: December 5, 2023

Respectfully submitted,

Blair W. Nelson
BLAIR W. NELSON LTD
205 Seventh Street NW, Ste.3
Bemidji, MN 56601
Tel: 218-444-4531
bwnelson@paulbunyan.net

/s/ David H. Thompson
David H. Thompson (No. 17-0143)
Peter A. Patterson (No. 17-0144)
William V. Bergstrom (No. 23-0238)
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9600 (fax)
dthompson@cooperkirk.com

ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

5

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 761 words.
2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.
3. Pursuant to 8th Cir. R. 28A(h)(2), this motion has been scanned for viruses and is virus-free.

/s/ David H. Thompson
David H. Thompson

# CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ David H. Thompson
      David H. Thompson