# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| KRISTIN WORTH, *et al.*,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>BOB JACOBSON, in his individual capacity and in his official capacity as Commissioner of the Minnesota Department of Public Safety *et al.*,<br><br>*Defendant-Appellant.* | No. 23-2248 (0:21-cv-01348-KMM-LIB)<br><br>**MOTION TO DISMISS APPEAL AND OPPOSITION TO MOTION TO SUPPLEMENT THE RECORD** |

## INTRODUCTION

Plaintiffs allege Minnesota's permit to carry statute is unconstitutional as applied to 18-to-20-year-olds because it requires applicants be 21 before receiving a permit to carry a handgun. Plaintiffs are three organizations and three named individuals. Plaintiffs acknowledge those three individuals are each now old enough to receive permits under Minnesota law. Pls' Mot. ¶ 6. Plaintiffs have been aware of the individual plaintiffs' ages since they filed the case in June of 2021 and it was entirely foreseeable that all three would reach the age of 21 before this case concluded. Although Plaintiffs style their motion as one to supplement the record, in reality it is a last-minute motion to add a plaintiff in order to avoid dismissal for mootness. Defendant-Appellant Commissioner Bob Jacobson (Commissioner) moves to dismiss the appeal as moot.

Even if the Court does not dismiss the appeal, Plaintiffs' motion to supplement the record should be denied because it seeks to add new facts on appeal which were available in the district court action, requires discovery to determine facts not stated in the declaration which are determinative of justiciability, and no exception applies to allow supplementation.

**RELEVANT FACTS**

Plaintiffs filed their Complaint on June 7, 2021. The Complaint identifies as plaintiffs three individuals who were then under 21 years of age, as well as three organizations. Each organization supported its third party standing by alleging that it "brings this action on behalf of its 18-20-year-old members in Minnesota, including the named Plaintiffs herein." R. Doc. 1, ¶¶ 22-24. The Complaint does not seek class certification. *See id*.

On October 15, 2021, the trial judge entered a scheduling order setting November 30, 2021 as the deadline to file any motion to "amend the pleadings or add parties." R. Doc. 26, at 2. That deadline was unchanged by the parties' later joint motion to amend the scheduling order. R. Doc. 36. Plaintiffs never moved to amend the pleadings to add additional named plaintiffs.

Plaintiffs' initial disclosures listed only the three individual plaintiffs and officers of each of the three organizational plaintiffs as individuals with knowledge of the claims. Similarly, each of their answers to interrogatories identified only those

six individuals as people with knowledge. The organizational plaintiffs were asked to list all members of their organization, and each only listed the three named plaintiffs as "members with standing to bring this lawsuit." (Exhibit A, at 3-4 (Resp. to Interrog. 4); Exhibit B, at 3-4 (Resp. to Interrog. 4); Exhibit C, at 3-4 (Resp. to Interrog. 4)).

The Commissioner sought discovery from each of the individually named plaintiffs. Their interrogatory answers disclosed that the individual plaintiffs had generally become members of the organizational plaintiffs the same day the lawsuit was filed (R. Doc. 48-12, at 6 (Resp. to Interrog. 11); R. Doc. 48-11, at 6 (Resp. to Interrog. 11); R. Doc. 48-10, at 6 (Resp. to Interrog. 11)). Appellees' new affiant, Joe Knudsen, is not listed in any response to written discovery. Nor is his name on any of the documents produced by the organizational plaintiffs.

On December 5, 2023, two and a half years into suit, Appellees filed a "Declaration of Joe Knudsen" in this Court. It states that Knudsen is 19 years old and a member of all three organizational plaintiffs. It does not disclose the date he joined any of those organizations or the date of his birth. That declaration had not been previously produced to the Commissioner. Simultaneously, Appellees filed their "motion to supplement," which concedes that each of the three individually named plaintiffs in the Complaint will be 21 by the end of December. Motion ¶ 6. The motion also fails to indicate when Knudsen joined any of the organizations.

3

## MOTION TO DISMISS FOR MOOTNESS

Because the named plaintiffs are now eligible to apply for a gun permit, and the organizations had identified no other member affected by the challenged statute, this case is moot and the Court lacks jurisdiction to decide it. The Court should vacate the judgment and remand to district court for further proceedings.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. …The doctrines of standing and mootness, properly applied, ensure that federal courts will decide only concrete disputes and will refrain from publishing advisory opinions or judicial essays on issues of the day." *Hawse v. Page*, 7 F.4th 685, 694 (8th Cir. 2021).

One way that a case can become moot on appeal is when facts change such that a court can no longer provide the plaintiff any relief for the alleged injury. *Sisney v. Kaemingk,* 15 F.4th 1181, 1196 n.5 (8th Cir. 2021) (refusing to offer opinion on moot claim, citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *see also Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (explaining that mootness "occurs when the requisite personal interest that gave the plaintiff standing to bring the suit disappears as the case proceeds" (internal quotation marks omitted)). When the facts eliminate the need for relief while an appeal is pending, this Court dismisses the appeal. *Chicago Great W. Ry. Co. v. Beecher*, 150 F.2d 394, 398 (8th Cir. 1945)

4

("[A]n appellate court, when an event has occurred which renders it impossible to grant any effectual relief to the appellant, will not proceed to judgment but will dismiss the appeal.").

In particular, it is not uncommon for appellate courts to find age-related claims have become moot during the course of an appeal, in the absence of a plaintiff class. *E.g.*, *Atherton Mills v. Johnston*, 259 U.S. 13, 15–16 (1922) (noting that the minor was no longer affected by the statute in question, so the case for an injunction was moot); *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 73 (2d Cir. 2001) (holding "plaintiffs' Free Exercise Clause challenges to activities at Fox Lane Middle became moot prior to this appeal" when the students had graduated from the school); *Hutchins by Owens v. D.C.*, 144 F.3d 798, 802 (D.C. Cir. 1998) (noting the named minors were no longer subject to the Act, but allowing case to proceed because one named party was a parent with standing to sue for child under 17)[1]; *Hart v. United Steelworkers of Am., AFL-CIO-C.L.C.*, 482 F.2d 282, 283 (3d Cir. 1973) (finding case moot after plaintiffs aged out of ADEA claim); *Cortes v. Loc. Bd. No. 7*, 468 F.2d 626 (5th Cir. 1972) (dismissing appeal as moot when appellant had aged out of his claim).

---

[1] This opinion was later vacated, after rehearing en banc was granted. The opinion after rehearing did not discuss the mootness issue. *Hutchins v. D.C.*, 188 F.3d 531 (D.C. Cir. 1999)

5

In this appeal, the claims of the three named individual plaintiffs are moot. Plaintiffs concede as much by repeatedly acknowledging that it submitted the supplemental "evidence" in this Court to address the possibility of mootness. Plf's Mot.

With respect to the claims of the three organizational plaintiffs, those are also moot based on the evidence in the record. Organizational plaintiffs must have named members who have suffered an injury in fact (unless the organization alleges its own harm, which these organizations did not). *See Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 601–02 (8th Cir. 2022) (finding organizational plaintiff "lacks associational standing to sue on behalf of unnamed members" when it failed to identify any members who suffered the requisite harm); *see also Satanic Temple v. Parson*, 735 F. App'x 900, 902 (8th Cir. 2018) (finding organizational standing lacking when no other named members were in the complaint); *Chamber of Com. of U.S. v. E.P.A.*, 642 F.3d 192, 200 (D.C. Cir. 2011) ("Because the Chamber has not identified a single member who was or would be injured by EPA's waiver decision, it lacks standing to raise this challenge.") In the district court, the organizational plaintiffs relied exclusively on the membership of the three named individual plaintiffs to provide their standing. Plaintiffs cite no case from anywhere in the country allowing appellate standing to rest on members of an organization who were

not members during the district court proceeding or were undisclosed during the district court proceeding.[2]

Because the case has become moot,[3] the appropriate remedy is to vacate the judgment and remand the case for further proceedings. *See Gillpatrick v. Frakes*, 997 F.3d 1258, 1259 (8th Cir. 2021) (holding that the prison officials' appeal of the

---

[2] The cases Plaintiffs cite to support their statement that courts allow supplemental evidence in "settings similar to this one" are inapposite, because they generally involved affidavits from the same parties who were involved in district court about facts that changed on appeal and there was no objection to the supplementation. Plfs' Mot. ¶2. For example, in *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1166 (4th Cir. 1977), the strike that was the subject of the lawsuit had ended, and the court accepted affidavits from the parties to evaluate whether the issue fit the exception to mootness for issues capable of repetition yet evading review (and found it did not). In *Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011), the court found the case moot, even after considering supplemental affidavits of two members of the auto dealers association about how they were injured by the rule at issue, without any suggestion that the members were new or an objection to the declaration. In *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011), the appellate court allowed the original named plaintiffs to submit new declarations on appeal about their continuing injury, and the opposing party did not object. In *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006), standing was first challenged on appeal, and the organization was not relying on injury to members, but to the organization itself. And in *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992), the appellate court allowed supplementation of the record to show that the defendant had fully complied with the district court's preliminary injunction and thus mooted its own appeal, after noting that no party objected to supplementing the record.

[3] Plaintiffs cite cases discussing the narrow exceptions that allow federal courts to hear moot cases, but offer no argument that any of those exceptions apply. If Plaintiffs choose to argue exceptions in their response to this motion to dismiss, the Commissioner will address them in its reply.

injunction was moot because the plaintiff had died and injury was no longer redressable, vacating the merits judgment, and remanding for further proceedings).

**OPPOSITION TO MOTION TO SUPPLEMENT THE RECORD**

As set forth above, Plaintiffs' claims have become moot during the pendency of this appeal. And they cannot avoid that conclusion by attempting to belatedly "supplement the record" to identify a new member of the organizations that was never disclosed during nearly two years of district court proceedings. Again, Plaintiffs cite no case that allows a party on appeal to identify a new member of its organization and rely exclusively on that undisclosed member for standing, especially over the objection of the opposing party. Plaintiffs' motion should be treated as a motion to amend their complaint to add a named plaintiff, which comes more than two years after the deadline in the scheduling order and is otherwise not permissible on appeal. *See Fairley v. Stalder*, 294 Fed. Appx. 805, 813 n.36 (5th Cir. 2008) (granting motion to strike names of sixty-one individuals that appellant attempted to add as plaintiffs on appeal); *Landreth Timber Co. v. Landreth*, 731 F.2d 1348, 1353 (9th Cir. 1984) (denying a request to add plaintiffs, noting that that is only appropriate in "exceptional case(s) for imperative reasons", and the putative plaintiffs were known in the district court) (reversed on other grounds).

Even if this Court accepts Plaintiffs' characterization of their motion, they do not meet the test for supplementing the record. "Generally, an appellate court cannot

8

Appellate Case: 23-2248     Page: 8     Date Filed: 12/28/2023 Entry ID: 5348701

consider evidence that was not contained in the record below." *United States v. Sykes,* 356 F.3d 863, 864 (8th Cir. 2004). Motions to supplement are routinely denied when information is available in the district court but was not made part of the record or when the information sought to be added requires discovery, both of which are true here.

Appellate courts deny motions to supplement the record when the evidence was available to the party seeking to supplement while in district court. *Yakowicz v. BAC Home Loans Servicing, LP*, 550 F. App'x 350, 351 (8th Cir. 2014) ("[W]e deny the motions to supplement the record, because appellants fail to demonstrate that the new evidence was actually unavailable before the district court decided the case."); *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1092 (8th Cir. 2013) (denying motion to supplement the record when evidence was available long before the district court decided the case); *Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 355 n.3 (8th Cir. 1998) (denying motion to supplement the record with material evidence that could have impacted mootness question "because these documents, if relevant, should have been placed in the district court record."); *Barry v. Barry*, 78 F.3d 375, 379 (8th Cir. 1996) ("The Barrys and Twin City offer no reason why the records they now wish to submit were not submitted with the initial motion for summary judgment."); *Pardue v. Norris*, 74 F.3d 168, 169 (8th Cir. 1996) (denying

9

motion to supplement when the party showed "no reason why these materials were not presented to the district court").

Here, Plaintiffs make no argument that the identity of Mr. Knudsen was unavailable to them during district court proceedings. Plaintiffs were well aware of the ages of the individually named plaintiffs and the potential need to add a younger member of the organizational plaintiffs, yet failed to do so. The clear inference is that they lacked a member who could keep the case from mootness during the district court proceedings.

Indeed, earlier this year Plaintiff Minnesota Gun Owner's Caucus was searching for additional named plaintiffs for this action via postings on X (formerly Twitter). On May 18, 2023, Plaintiff Minnesota Gun Owner's Caucus posted:

> We're looking for Plaintiffs that are 18-19-year-old young adults and wish to lawfully carry a firearm in Minnesota via an MN Permit to Carry.
>
> Learn more about the requirements and submit your information on our website at: gunowners.mn/our-programs/legal-action/plaintiff-search/

The text was accompanied by a graphic which stated:

> SEEKING 18-19-YEAR-OLD YOUNG ADULTS TO BE MN GUN OWNERS CAUCUS PLAINTIFFS
>
> We're looking for 18-19-year-olds in Minnesota who wish to lawfully carry a firearm and obtain a Minnesota Permit to Carry.

(Exhibit D.) Again, on June 7, 2023, Plaintiff Minnesota Gun Owner's Caucus posted on Twitter, "A Gun Rights Legal Action Plaintiff Search," which stated,

10

"We're looking for plaintiffs in several upcoming Gun Rights cases that the Caucus and/or partners will be litigating here in Minnesota." (Exhibit E.) Both the May 18 and June 7 Twitter posts linked to the website of plaintiff Minnesota Gun Owners' Caucus, which stated:

> **Current Plaintiff Searches**
>
> The Minnesota Gun Owners' Caucus is currently looking for plaintiffs in the following potential legal actions:
>
> **18-20-year-olds who wish to carry a firearm in Minnesota**
>
> - Since, 2021 we have been litigating in federal court over Minnesota's prohibition on 18-20-year-old adults lawfully carrying a firearm in Minnesota.
> - In March 2023, we won this case in Federal District Court; however, the state is expected to appeal.[4]
> - As the original plaintiffs in the case are or will soon turn 21, we are *actively seeking replacement plaintiffs.*
> - Prospective plaintiffs should be 18-19 years old, qualify for a Minnesota Permit to Carry, and be willing to take a class and apply for a permit to carry.

(Exhibit F) (bolded emphases in original, italic emphasis added). Despite having knowledge that individual plaintiffs were aging out, Plaintiffs did not add plaintiffs or named members of their organizations in the district court, and did not request an expedited appeal from this Court. Rather, by their own admission, they filed the instant motion attempting to add a new plaintiff four days before the last remaining individual plaintiff turned 21.

---

[4] Indeed, the State had already appealed on May 17, 2023. (R. Doc. 100).

11

Plaintiffs' motion differs from the successful motion to supplement the record in *Bright v. Taylor*, 554 F.2d 854, 859 (8th Cir. 1977), the only Eighth Circuit case they cite in support of their motion. *Bright* simply permitted supplementation of the record with the "fact a new collective bargaining contract had been ratified which contained identical seniority provisions" to the seniority provisions at issue on appeal. *Id*. That declaration faced no objection and was not an attempt to add a new individual plaintiff. In any event, the Court found the matter was moot. *Id*.

Similarly, a motion to supplement is properly denied when a party seeks to introduce evidence on appeal on which the opposing party has not had an opportunity to conduct discovery.[5] *Beck v. Skon*, 253 F.3d 330, 334 (8th Cir. 2001) (denying a motion to supplement on a material issue because the opposing party "has had no opportunity to challenge the authenticity of these forms [affidavit exhibits] or to depose the affiants about them.") The Commissioner has not had an opportunity to conduct discovery as to the facts asserted in the proposed Declaration of Joe Knudsen (Mot. to Supp., Ex. A), as he did with the individual plaintiffs in district court. Discovery on the contents of the declaration would be material, as it would

---

[5] A "narrow exception" to the general rule that an appellate court cannot consider evidence not contained in the record below exists if the interests of justice demand supplementation, however this exception is "rarely exercised" and Plaintiffs make no argument that it applies here. *Allen v. U.S. Air Force*, 603 F.3d 423, 434 (8th Cir. 2010) *quoting Dakota Industries, Inc. v. Dakota Sportswear, Inc.,* 988 F.2d 61, 63 (8th Cir.1993).

elicit when the declarant became a member of the organizational plaintiffs, his birth date, and why he could not have come forward in district court.

## CONCLUSION

Because there is no longer any individual plaintiff who is too young to receive a Minnesota permit for a handgun, and the record contains no named member of the organizational plaintiffs that is too young to receive a permit, this appeal is moot. As such, the Court should grant the Commissioner's motion to dismiss, vacate the judgment and remand the case to district court. Even if the Court disagrees, it should deny Plaintiffs' motion to supplement the record because the need for organizational members under 21 was known during the district court proceedings and the Commissioner is entitled to discovery regarding the membership of Joe Knudsen.

Dated: December 28, 2023

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

s/ Amanda Prutzman
AMANDA PRUTZMAN
Assistant Attorney General
Atty. Reg. No. 0389267

LIZ KRAMER
Solicitor General
Atty. Reg. No. 0325089

445 Minnesota Street, Suite 1400

St. Paul, Minnesota 55101-2131
(651) 757-1217 (Voice)
(651) 282-5832 (Fax)
Amanda.Prutzman@ag.state.mn.us
Liz.Kramer@ag.state.mn.us

ATTORNEYS FOR APPELLEE BOB
JACOBSON, COMMISSIONER FOR
THE MINNESOTA DEPARTMENT OF
PUBLIC SAFETY

14

## CERTIFICATE OF COMPLIANCE
## WITH FRAP 32

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,130 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 pt Times New Roman font.

s/ Amanda Prutzman<br>
AMANDA PRUTZMAN<br>
Assistant Attorney General

# CERTIFICATE OF COMPLIANCE
# WITH 8th Cir. R. 28A(h)(2)

The undersigned, on behalf of the party filing and serving this brief, certifies that the brief has been scanned for viruses and that the brief is virus-free.

<u>/s/ Cole Werner</u>
COLE WERNER