# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| KRISTIN WORTH, *et al.*, <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> BOB JACOBSON, in his individual capacity and in his official capacity as Commissioner of the Minnesota Department of Public Safety, *et al.*, <br><br> *Defendants-Appellants*. | No. 23-2248 <br><br> (0:21-cv-01348-KMM-LIB) <br><br> **PLAINTIFFS' RESPONSE TO MOTION TO DISMISS APPEAL AND REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD** |

## INTRODUCTION

In response to Plaintiffs' submission of an affidavit from an additional member of the Organizational Plaintiffs (Firearms Policy Coalition, Second Amendment Foundation, and Minnesota Gun Owners Caucus) proving that, notwithstanding the passage of time since this case was filed, the Organizational Plaintiffs retain standing to bring this suit, the State has moved to dismiss its own appeal as moot. The State's motion is meritless and should be denied. Indeed, a motion to dismiss is the *least* appropriate response to Plaintiffs' submission, which proved beyond dispute that this case is not moot because the Organizational Plaintiffs all currently have, and continuously since the beginning of the case have had, at least one member who is being actively harmed by the enforcement of the Minnesota ban on 18-to-20-year-olds acquiring handgun carry licenses.

1

The State's argument in favor of dismissal relies on this Court reading into the law of mootness and standing requirements (e.g., that the member on whom the Organizational Plaintiffs base their standing be the same person at the beginning of the case all the way through to the end) that simply do not exist. The *only* requirement is that the organizations retain, throughout the life of the case, a continuing interest in its outcome in the form of at least one injured member. They have met that requirement. And even if they had not, this case is a classic example of one that fits into the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine.

The State's opposition to this Court granting Plaintiffs' motion to supplement the record is particularly difficult to understand in light of its mootness argument. It is well-recognized that, at least once standing or mootness has been challenged, this Court can receive and consider evidence that goes to its jurisdiction. And in any event, the State's arguments against considering the evidence are baseless. Plaintiffs could not have revealed the identity of their new declarant, Joe Knudsen, prior to deadline for amending the pleadings and adding parties in the district court since Mr. Knudsen was, at that point, only 17 years old. And though the State claims prejudice because it has not had the opportunity to seek discovery from Mr. Knudsen, it cannot list a single topic on which discovery is warranted that would be relevant to this case. That is because it makes no difference to the merits; all that Mr. Knudsen's

2

declaration does is assure the Court that it retains jurisdiction over this matter. The interests of justice require that this Court recognize that fact so it can resolve the important constitutional question posed by this lawsuit.

## ARGUMENT

### I. The Plaintiff Organizations' Claim Is Not Moot.

"An association has standing to bring suit on behalf of its members if '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Mo. Prot. & Advoc. Servs., Inc. v. Carnahan*, 499 F.3d 803, 809 (8th Cir. 2007) (quoting *Hunt v. Wash State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). The district court had "no trouble concluding that Plaintiffs . . . met their burden to show that they have standing." *Worth v. Harrington*, No. 21-cv-1348-KMM-LIB, 2023 WL 2745673, at *19 (D. Minn. Mar. 31, 2023). Of course, even though standing was present before the district court, a case may become moot if "'the requisite personal interest' that gave the plaintiff standing to bring the suit disappears as the case proceeds." *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (quoting *Phelps-Roper v. City of Manchester*, 697 F.3d 678, 687 (8th Cir. 2012)). That is what the State argues has happened here.

3

The State's motion to dismiss is predicated on its belief that neither the Individual Plaintiffs nor the Organizational Plaintiffs retain a current interest in the outcome of this case. *See* State's Mot. to Dismiss & Opp'n to Mot. to Suppl. the Record at 13 (Dec. 28, 2023) ("State MTD"). As to the Organizational Plaintiffs, this claim is wrong for a very straightforward reason: Firearms Policy Coalition, Second Amendment Foundation, and Minnesota Gun Owners Caucus all have at least one member over the age of 18 and under the age of 21 who is currently denied the right to carry a firearm in public for self-defense and would be eligible, if not for the laws challenged here, to do so legally in the State of Minnesota. *See generally* Decl. of Joe Knudsen (Dec. 5, 2023). There has not been any time, since this case began, when that was not true. *See* Pls.' Mot. to Suppl. the Record at 3–4 (Dec. 5, 2023) ("Pls.' Mot."). The Organizational Plaintiffs have always and continuously met the *Hunt* test. As a result, this case is not now and never has been moot, and no "facts [have] eliminate[d] the need for relief while [this] appeal is pending." State MTD at 4.

There is nothing out of the ordinary about the Organizational Plaintiffs relying on a different member or members at a later stage of this case for their standing, especially given that the Plaintiffs' injuries are inherently temporary in nature. Circuit courts across the country have repeatedly found that an organization may show "associational standing with one named member in the complaint and then

4

maintain[] a live controversy after the original member's claim is extinguished by identifying some other named member who would have a live claim in his own right." *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1037 (6th Cir. 2022); *see also Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 930 (7th Cir. 2013) (suggesting that organization would have maintained standing if it could have found "another member in th[e]particularized position" presented by the original plaintiff member); *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1117–18 (9th Cir. 2003) (noting that in the context of "inherently transitory" claims, associational standing is maintained as long as "the constant existence of [the organization's] constituents suffering the [injury] is certain."). After all, a case is only moot where a party "plainly lacks a continuing interest," *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 170 (2000), and as long as the Plaintiff organizations have members who are adversely harmed, then they retain a continuing interest.

The State's arguments in favor of dismissal must be rejected. First, the State argues that "it is not uncommon for appellate courts to find age-related claims have become moot during the course of an appeal, in the absence of a plaintiff class." State MTD at 5. But in support of that claim, the State cites several cases brought by individuals who had aged out of their respective injuries and who were not members of any organizations that also claimed to have standing to sue on behalf of their

members. No one disputes that the Individual Plaintiffs, who have all turned 21 and are no longer constrained by Minnesota's unconstitutional carry ban, do not have a live claim against the State. But the organizations still do, and these cases are not at all to the contrary.

The State also argues that "[o]rganizational plaintaintffs must have named members who have suffered an injury in fact," again with citations to cases that support that limited proposition with which Plaintiffs do not disagree. But this argument does not fit in this case either. The affidavit Plaintiffs filed that spurred the State to move to dismiss itself establishes that all of the organizations *do have* a named member who is currently suffering an injury in fact. The State complains that Plaintiffs have not cited any "case from anywhere in the country allowing appellate standing to rest on members of an organization who were not members during the district court proceeding or were undisclosed during the district court proceeding." State MTD at 6–7. But as just discussed, such cases are common enough, *see, e.g.*, *Universal Life Church Monastery Storehouse*, 35 F.4th at 1037, and it is the State that entirely lacks support for its argument that an organization's claims become moot, despite clear evidence that it has members with live claims, just because the *original* members named by the organization had their claims mooted.

6

## II. Even if the Plaintiff Organizations' Claim Could Be Considered Moot, the "Capable of Repetition Yet Evading Review" Exception to Mootness Applies.

Even if the Organizational Plaintiffs' claims *had* become moot for some period of time because they lacked a member with standing to bring this suit—and to be clear, they did not, *see* Pls.' Mot. at 3–4—this case would fit comfortably within the "capable of repetition yet evading review" exception to mootness which applies where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Here, the organizations have thousands of members across the state, including (as demonstrated by this case) members who age into and out of the affected age group, so even if there were some period when they collectively lacked an individual member with standing to bring this suit, they have a "reasonable expectation that [their] members will continue to suffer the same short-lived injuries that this doctrine addresses." *Abigail All. for Better Access to Developmental Drugs v. Eschenbach*, 469 F.3d 129, 136 (D.C. Cir. 2006). *Abigail Alliance* is very instructive on this point. That case involved an organization that represented individuals with terminal illnesses who were trying to obtain access to experimental drugs that had not yet been approved by the FDA. The D.C. Circuit remarked that such an organization had "understandabl[e] difficult[ies] . . .

7

produc[ing] the affidavits typically used to establish standing" in such a case, because many of the members who had originally supported the Alliance's standing had "succumbed to their terminal illnesses" by the time the D.C. Circuit issued its opinion. *Id.* at 134. Nevertheless, the court recognized it could look to the declaration of an existing member of the Alliance to support the organizations' continued standing and further noted that "[e]ven if the Alliance could not supply a particularly terminally-ill member, at each moment, who has exhausted all conventional treatments but has not died, this is a classic case of a situation 'capable of repetition, yet evading review.' " *Id.* at 136. The same could be said here—the Organizational Plaintiffs have so far had a member suffering injury as a result of the Minnesota carry ban at every moment in this case, but even if there were a lapse in their coverage, the injury would be certain to repeat itself in the near future and, when it repeated, be too short in duration for anyone *but* the organizations to litigate the issue to final resolution.

### III. The Court Should Grant Plaintiffs' Motion to Supplement the Record.

The State argues that, since Plaintiffs' claims have become moot, their motion to supplement the record "should be treated as a motion to amend their complaint to add a named plaintiff, which comes more than two years after the deadline in the scheduling order." State MTD at 8. But as just discussed, the premise of this argument is wrong—this case never became moot. *See* Pls.' Mot. at 3–4. Plaintiffs'

8

Appellate Case: 23-2248     Page: 8     Date Filed: 01/08/2024 Entry ID: 5351344

motion does not request adding Mr. Knudsen as a plaintiff, only supplementing the record with evidence that establishes the *existing* Organizational Plaintiffs' standing, and this Court indisputably has authority to consider such evidence when it goes to the Court's jurisdiction. *Id.* at 1–2. The State claims the cases Plaintiffs cited in their motion are "inapposite" because the affiants in some of those cases were in also affiants in the district court and because the cases do not indicate that there was an objection to the supplementation. *See* State MTD at 7 n.2. But the State cannot have it both ways: it cannot move to dismiss this appeal by claiming the case is moot and *simultaneously* claim that Plaintiffs should be left with no opportunity to show that the controversy is in fact live—and the identity of the affiant did not matter at all in any of the cases Plaintiffs cited. Indeed, Plaintiffs could just as easily have submitted declarations from the Organizational Plaintiffs attesting that Mr. Knudsen was a member they had identified with standing, and the State's objection would appear to melt away. Alternatively, Plaintiffs could have waited to submit *any* additional evidence of their continued interest in this litigation until the issue of mootness or standing was raised by the State or by this Court itself. The key fact—that there *have always been* members with an interest in the outcome of this case—would not have changed, and courts have repeatedly recognized that once standing or mootness is challenged in a Court of Appeals, the court may receive additional evidence that goes to its jurisdiction. *See Sierra Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir. 2002); *see*

9

*also Piedmont Env't Council v. U.S. Dep't of Transp.*, 58 F. App'x 20, 23–24 (4th Cir. 2003) (unpublished) (allowing standing declarations to be filed for the first time on appeal and finding Plaintiffs had standing on some of their claims). Indeed, in *Milwaukee Police Association*, the Seventh Circuit suggested that it could have considered evidence of continued standing on the part of the organizational plaintiff submitted through briefing or even mentioned at oral argument. 708 F.3d at 930. Plaintiffs' submission of a timely affidavit, prior to the point when any concern about mootness could be raised, certainly can and should be considered by this Court.

The State argues, however, that this Court can deny motions to supplement the record "when the evidence was available to the party seeking to supplement while in district court," and notes that "Plaintiffs were well aware of the ages of the individually named plaintiffs and the potential need to add a younger member of the Organizational Plaintiffs, yet failed to do so." State MTD at 9–10. But the evidence was *not* available in the district court. The State emphasizes the deadline to amend the pleadings was November 30, 2021, but at that time, Joe Knudsen was 17 years old and was not presently being harmed by the Minnesota carry ban. In fact, Mr. Knudsen was not yet a member of the Organizational Plaintiffs at any point when this case was in the district court (an irrelevant fact that the State suggests, without citation, may also matter for the organizations' standing). The only thing that *does*

10

matter is that he was a member of the Organizational Plaintiffs before their claims possibly became moot.

As to the fact that the State "has not had an opportunity to conduct discovery" into the allegations made in the Knudsen declaration, the discovery the State claims to need—information regarding "when the declarant became a member of the Organizational Plaintiffs, his birth date, and why he could not have come forward in district court" is all legally irrelevant. State MTD at 13. Nothing other than Knudsen's age matters for whether the Plaintiffs have continued standing under *Hunt*, and Plaintiffs have now produced to the State a copy of Mr. Knudsen's driver's license to verify his age. As Plaintiffs explained in their motion, once standing is established, whether the identified member with standing on whom the Organizational Plaintiffs rely in this case is Kristen Worth or Joe Knudsen does not matter, since the merits of this case turn solely on the scope of the Second Amendment's protections as it relates to 18-to-20-year-old adults.

Finally, even if the State were able to point to some discovery that it would ordinarily be able to take regarding the allegations made by Mr. Knudsen, as the State acknowledges, this Court will nevertheless consider additional evidence on appeal where "the interests of justice demand" it. State MTD at 12 n.5.[1] Here, the

---

[1] The State claims that "Plaintiffs make no argument that [this exception] applies here." State MTD at 12 n.5. This is an odd claim, considering it is the very first thing Plaintiffs said in their motion to supplement. Pls.' Mot. at 1.

11

interests of justice do so demand. If the State's position were the law, and Plaintiffs were required to identify any new member while still in the district court (or before the deadline to amend pleadings would be passed), then the Organizational Plaintiffs would have no better ability to seek redress for their time-bound injuries than would their members and the courthouse doors would effectively be closed on challenges to age-discriminatory laws like this one, whether they infringe a fundamental constitutional right or not. The interests of justice cannot tolerate such a result.

## CONCLUSION

The Court should deny the State's motion to dismiss this appeal as moot and should grant Plaintiffs' motion to supplement the record.

Dated: January 8, 2024

Respectfully submitted,

Blair W. Nelson
BLAIR W. NELSON LTD
205 Seventh Street NW, Ste. 3
Bemidji, MN 56601
Tel: 218-444-4531
bwnelson@paulbunyan.net

/s/ David H. Thompson
David H. Thompson (No. 17-0143)
Peter A. Patterson (No. 17-0144)
William V. Bergstrom (No. 23-0238)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Attorneys for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

1. This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this response to motion contains 2,850 words.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3. Pursuant to 8th Cir. R. 28A(h)(2), this response has been scanned for viruses and is virus-free.

Date: January 8, 2024

/s/ David H. Thompson
David H. Thompson

# CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David H. Thompson
David H. Thompson