# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| KRISTIN WORTH, *et al.*, <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> BOB JACOBSON, in his individual capacity and in his official capacity as Commissioner of the Minnesota Department of Public Safety *et al.*, <br><br> *Defendant-Appellant.* | No. 23-2248 (0:21-cv-01348-KMM-LIB) <br><br><br> **REPLY TO MOTION TO DISMISS APPEAL** |

There is no dispute that the Organizational Plaintiffs relied on the standing of the three individual Plaintiffs for their own standing. There is also no dispute that the three individual Plaintiffs' cases are moot. Nevertheless, the Organizational Plaintiffs argue they can keep this case alive by identifying a new member on appeal through a motion to supplement the record. Not one of the cases they cite has allowed a party with organizational standing to supplement the record with a new member on appeal.

Nor have Plaintiffs offered this Court any equitable reason to venture into uncharted territory. Plaintiffs argue that they could not have produced Mr. Knudsen's identity because he was only 17 at the date of the deadline to amend the pleadings or add parties in the district court. But nothing stopped the Organizational Plaintiffs from having hundreds of members of varying ages, including those who

1

were younger than 18 in the beginning of the case and would fall within the 18-20 age range at some point during the suit, and identifying those members in district court. Even with respect to Mr. Knudsen, he turned 18 ten months before the district court's order on summary judgment[1], leaving Plaintiffs with plenty of time to add Mr. Knudsen through the required procedures in district court.

Further, Plaintiffs have not met their burden under both prongs of the capable-of-repetition-yet-evading-review exception. For these reasons, the appeal should be dismissed as moot and remanded to the district court.

I. **THE ORGANIZATIONAL PLAINTIFFS' STANDING RESTS ENTIRELY ON THE STANDING OF THE INDIVIDUAL PLAINTIFFS, WHOSE CASES ARE UNDISPUTEDLY MOOT.**

Plaintiffs concede the Individual Plaintiffs' cases are moot. Their argument rests solely on whether the Organizational Plaintiffs can defeat mootness by producing a new member who was never disclosed in the lower court proceedings.

Plaintiffs assert that there is "nothing out of the ordinary about the Organizational Plaintiffs relying on a different member … at a later stage of this case for their standing." (Opp. at 4.) But they have cited *no* case in which an organizational plaintiff was permitted keep their case alive by substituting individual plaintiff members with injuries with other identified members during the course of

---

[1] As proven by Mr. Knudsen's drivers license produced to the Commissioner on January 8, 2024, the day Plaintiffs filed their Reply in Support of their Motion to Supplement the Record.

an appeal.[2] In support of their argument, Plaintiffs have pointed to three cases from other circuits, but none allowed a member to be identified on appeal to save the case from mootness.

Plaintiffs cite multiple times to the non-precedential case, *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1036–37 (6th Cir. 2022), but the "new" member of the organization at issue there had already been disclosed in district court. The named individual plaintiff had withdrawn during the district court proceedings and the organizational plaintiff *had already* identified a substitute during the district court proceedings, so the case was not moot.[3] *Id.* In addition, there

---

[2] And certainly, no case that allows Organizational Plaintiffs to rewind time by "supplementing the record" with identified members. The Commissioner requested all of the Organizational Plaintiffs' members' ages, names, and domiciles in discovery but the Organizational Plaintiffs all refused to provide them. (Exs. A-C to Mot. to Dism.) It is hardly in the interests of justice to allow them to save their case on appeal now by supplementing the record with information not provided when requested as required by the Rules of Civil Procedure, but only when it suits them. *See Barry v. Barry*, 78 F.3d 375, 379 (8th Cir. 1996) (summarizing interests of justice exception as a "rarely exercised" "narrow exception" previously applied when parties have not had chance to complete discovery and opposing party's misrepresentation left the district court with an incomplete picture); *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (interests of justice exception applied to include evidence showing pro se party did not act willfully or intentionally in district court.)

[3] The substitute plaintiff was identified through a declaration filed in the district court at the motion to dismiss stage as indicated by the opinion's citation to the record. "ULC had already identified another ULC minister intending to perform future marriages in Putnam County: Michael Veal. *See* Veal. Dec., R. 122." *Universal Life Church Monastery Storehouse*, 35 F.4th at 1037. The declaration below is available through PACER at *Universal Life Church Monastery Storehouse et al v. Nabors et al.*, D. Tenn., 2:19-cv-49, ECF 122.

3

was no suggestion that the substitute member had not been a member of the plaintiff organization at all points during the litigation. Because *Universal Life Church* does not sanction the substitution of an entirely new member of an organization on appeal in order to provide standing, it does not support Plaintiffs' argument.

Plaintiffs' second case, *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 930 (7th Cir. 2013), similarly fails to support their argument. The Seventh Circuit found that case was moot because the named individual plaintiff settled her claim, and the organizational plaintiff relied entirely on that settling individual for its standing. The court had no occasion to address the issue presented by Plaintiffs in this case, because the organizational plaintiff did not attempt to identify a new injured member on appeal. Indeed the dicta highlighted by Plaintiffs simply confirms that the organizational plaintiff in *Milwaukee Police Ass'n* did not attempt to identify any new members.

Finally, *Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1117 (9th Cir. 2003), is similarly inapplicable because the organizational plaintiffs did not have individual members. Further, as noted by the court, the case was akin to a class action, which is not the case here. Finally, the challenge involved pretrial detentions which were "inherently transitory" because they lasted for "weeks or months," but here there is a three-year time-period at issue.

4

There is simply no case from anywhere in the country allowing appellate standing to rest on a member of an organization who was not a member during the district court proceeding and who was undisclosed during the district court proceeding. This appeal has become moot.

II. **THE LIMITED AND EXTROARDINARILY NARROW CAPABLE-OF REPETITION-YET-EVADING-REVIEW EXCEPTION DOES NOT APPLY AS PLAINTIFFS DID NOTHING TO PREVENT THEIR CASE FROM BECOMING MOOT BEFORE ATTEMPTING TO SUPPLEMENT THE RECORD.**

The capable-of-repetition-yet-evading-review rule is an "extraordinary and narrow exception to the mootness doctrine." *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999). As the party invoking the exception, Plaintiffs bear the burden of demonstrating that this case presents that exceptional situation. *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018). Yet, Plaintiffs devote less than two pages of argument to the exception and cannot establish either of the required two factors of the exception are present here.

The exception "applies only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]" *See Hickman v. State of Mo.*, 144 F.3d 1141, 1142–43 (8th Cir. 1998) *quoting Spencer v. Kemna,* 523 U.S. 1 (1998). "This limited exception applies

5

only if [a party] can show the presence of both requirements." *Noem v. Haaland*, 41 F.4th 1013, 1016 (8th Cir. 2022) (cleaned up).

With respect to the first requirement, the challenged statute has been in effect for decades. To the extent that the Plaintiffs' challenge is to its existence, there can be no viable argument that its duration is short.[4] But even if the Court considers the window of time put at issue by the Plaintiffs – between when a person turns 18 and when they turn 21 – it also is not too short to be fully litigated for at least two reasons. First, Plaintiffs could have brought their claims as a class, or found members of varying ages, such that they had someone within that three-year age bracket for a much longer period of time.

And second, three years is not too short to litigate a case, even if this matter had been about a single individual plaintiff. Plaintiffs cite no case finding a three-year duration meets the "evading review" test. Indeed, this Court refused to find the "capable of repetition" exception applied after the plaintiff in *Nomi v. Regents for U. of Minnesota*, 5 F.3d 332, 334 (8th Cir. 1993), complained that three years was too short to fully litigate. Further, this Court has repeatedly found that a party cannot prove the action was too short to be fully litigated if that party has not taken

---

[4] This is not a case with either an indefinite or unpredictable time limitation as was the case with terminally ill patients in *Abigail All. for Better Access to Developmental Drugs v. Eschenbach*, 469 F.3d 129, 136 (D.C. Cir. 2006), the only case Plaintiffs analyze to support their argument the exception applies.

6

advantage of any tools to expedite litigation. *See, e.g., Minnesota Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999) (holding case was not one evading review because the plaintiff could have sought expedited review but failed to do so. "When a party has these legal avenues available, but does not utilize them, the action is not one that evades review."); *Iowa Prot. & Advoc. Servs. v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005) (capable-of-repetition-yet-evading-review exception did not apply because facility could have avoided mootness on appeal if it had sought stay of injunction order and expedited review); *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 485 (8th Cir. 1998) ("Missouri chose not to seek expedited review and relief. Therefore, the fact that we could not reach the merits of Missouri's claims before this case became moot does not change our conclusion that the first *Weinstein* factor [that the challenged action is in its duration too short to be fully litigated] is inapplicable.")

Plaintiffs took no action in the district court to seek expedited review of their summary judgment motion. Similarly, Plaintiffs took no action to seek an expedited appeal in this court. Instead, they sought replacement plaintiffs via social media posts. Because Plaintiffs did not take advantage of any procedural tool available to them to have this matter heard before it became moot, they cannot meet their burden to establish the first prong of the "capable of repetition" exception to mootness..

As to the second prong, Plaintiffs have not shown a reasonable expectation they will be subject to the same action again. "The second prong of the capable of repetition exception requires a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *F.E.C. v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 463 (2007). *Accord Whitfield v. Thurston*, 3 F.4th 1045, 1048 (8th Cir. 2021) ("[B]oth the Supreme Court's and our precedent require Whitfield to demonstrate a reasonable expectation that he will be subject to the challenged laws again. He has not. Thus, the capable-of-repetition-yet-evading-review exception does not apply.")

The Individual Plaintiffs will not be subject to the same restriction again as they are all 21 and eligible for a Minnesota permit-to-carry. The Organizational Plaintiffs have not met their burden to show a reasonable expectation of recurrence because they can point to no evidence that they each have members in Minnesota in the required age brackets that seek to obtain permits to carry. The single member, Mr. Knudsen, on whom they currently rely is someone the Organizational Plaintiffs produced only after months of on-line prospecting for additional plaintiffs. This minimal return on Plaintiffs' investment undercuts the organizations' argument that they have and will continue to have members in the 18-20 year old age range in Minnesota who are otherwise eligible for gun permits.

8

Appellate Case: 23-2248     Page: 8     Date Filed: 01/16/2024 Entry ID: 5353767

Therefore, there are no record facts from which to draw the conclusion that there is a demonstrated probability or reasonable expectation that the same parties will be involved in this litigation again. For these reasons, Plaintiffs have failed to carry their burden of establishing the capable-of-repetition-yet-evading-review exception to the mootness doctrine applies in this case.

## CONCLUSION

The appeal should be dismissed as moot, the judgment vacated, and the case remanded to the district court.

Dated: January 16, 2024    Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota


s/ Amanda Prutzman
AMANDA PRUTZMAN
Assistant Attorney General
Atty. Reg. No. 0389267

LIZ KRAMER
Solicitor General
Atty. Reg. No. 0325089

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1217 (Voice)
(651) 282-5832 (Fax)
Amanda.Prutzman@ag.state.mn.us
Liz.Kramer@ag.state.mn.us

ATTORNEYS FOR APPELLEE BOB
JACOBSON, COMMISSIONER FOR
THE MINNESOTA DEPARTMENT OF
PUBLIC SAFETY

# CERTIFICATE OF COMPLIANCE
# WITH FRAP 32

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,056 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 pt Times New Roman font.

s/ Amanda Prutzman<br>
AMANDA PRUTZMAN<br>
Assistant Attorney General

# CERTIFICATE OF COMPLIANCE
# WITH 8th Cir. R. 28A(h)(2)

The undersigned, on behalf of the party filing and serving this brief, certifies that the brief has been scanned for viruses and that the brief is virus-free.

<u>/s/ Cole Werner</u>
COLE WERNER

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Amanda Prutzman
AMANDA PRUTZMAN