# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David. H. Thompson　　　　　　　1523 New Hampshire Avenue, N.W.　　　　　　(202) 220-9600
(202) 220-9659　　　　　　　　　　　　Washington, D.C.  20036　　　　　　　　　Fax (202) 220-9601
dthompson@cooperkirk.com

January 24, 2024

VIA CM/ECF

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
111 South 10th Street
Room 24.329
St. Louis, MO. 63102

　　　　Re: ***Worth v. Jacobson***, No. 23-2248

Dear Mr. Gans,

　　Plaintiffs write to bring the Third Circuit's recent decision in *Lara v. Commissioner Pennsylvania State Police*, 2024 WL 189453 (3d Cir. 2024), to the Court's attention. Like this case, *Lara* involved a challenge to a state law restricting the rights of 18-to-20-year-olds to carry firearms in public and the court's opinion is instructive on several issues relevant here.

　　The *Lara* court rejected the argument, raised by Minnesota, that because 18-to-20-year-olds were, at earlier times, treated as minors for some purposes, they are not part of "the people" protected by the Second Amendment. *See* Minn. Br. 11–16. *Lara*'s reasoning tracked Plaintiffs' arguments: it (1) noted that limiting "the people" to only those who were "the people" at the founding would have troubling implications for all constitutional rights, (2) rejected the idea that "just because individuals under the age of 21 lacked certain legal rights at the founding" they were not still part of "the people," and (3) recognized that 18-to-20-year-olds were considered "the people" for other constitutional rights, *Lara*, at \*5–6; *see* Pls.' Br. 10–11, 18–19.

　　In analyzing history, *Lara* held that the critical year for understanding the Second Amendment was 1791. *Lara*, at \*7–8. It declined to even consider the historical analogues (also cited by Minnesota) that dated from the mid-to-late nineteenth century. *Id.* at \*8 n.15; *see* Minn. Br. 42–43. That was dispositive of the

case, since there was a "conspicuously sparse record of state regulations on 18-to-20-year-olds at the time of the Second Amendment's ratification." *Lara*, at *9.

Finally, just as in this case, litigation in *Lara* persisted for longer than the named Plaintiffs could remain in the affected age range. And just as here, organizational plaintiffs submitted a motion to supplement the record with a declaration from a newly disclosed member who also had standing to challenge the law. Over Pennsylvania's objection, the court took note of that declaration and held that it retained jurisdiction to decide the case. *Lara*, at *10 n.22 see also Lara v. Evanchick*, No. 21-1832 (Jan. 18, 2024), Doc. 76 (granting motion to supplement the record).

Respectfully submitted,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellees Kristin Worth, Austin Dye, Axel Anderson, Minnesota Gun Owners Caucus, Second Amendment Foundation, and Firearms Policy Coalition, Inc.*

cc: All counsel of record via CM/ECF

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David H. Thompson
David H. Thompson