# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David. H. Thompson        1523 New Hampshire Avenue, N.W.        (202) 220-9600
(202) 220-9659        Washington, D.C. 20036        Fax (202) 220-9601
dthompson@cooperkirk.com

February 6, 2024

<u>VIA CM/ECF</u>

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

    Re: ***Worth v. Jacobson***, No. 23-2248

Dear Mr. Gans,

    Plaintiffs write to inform the court of a recent Order granting a motion to supplement the record in *Reese v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, No. 23-30033 (5th Cir. Jan. 30, 2024), Doc. 92, attached as Exhibit A.

    Like this case, *Reese* involves a challenge to a law restricting the Second Amendment rights of 18-to-20-year-old adult Americans. *See* Ex. A, Doc. 92-3 at 4. And just as in this case, the original individual plaintiffs in *Reese* turned 21 before their case could be adjudicated, introducing a question of mootness. *Id.* But as is the case here, the organizational plaintiffs in *Reese* had other members beyond the original named Plaintiffs, at least one of whom had standing to challenge the law. *Id.* at 4–5. The Fifth Circuit granted plaintiffs' motion to supplement the record on appeal, adding the declaration of a new member of the organizations to the record. The Fifth Circuit's granting of the motion, on essentially identical facts to those present here, supports granting Plaintiffs' motion to supplement the record in this case. *See* Pls'. Mot. to Suppl. the Record (Dec. 5, 2023).

    In addition to *Reese*, in preparing for argument counsel has discovered three additional cases that support granting Plaintiffs' motion to supplement the record. In each of these cases, appellate courts, including the Supreme Court, considered new

evidence on appeal to ensure a live case or controversy existed in challenges to school policies which, like this case, involve inherently transitory claims because students often progress through and graduate from the institutions in question during the course of litigation. *See Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 285–86 (2015) (Scalia J., dissenting) (describing supplementation of the record in *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718 (2007)); *Speech First, Inc. v. Sands*, 69 F.4th 184, 190 n.3 (4th Cir. 2023); *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680–81 (9th Cir. 2023).

Respectfully submitted,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellees*

cc: All counsel of record via CM/ECF

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David H. Thompson  
David H. Thompson