No. 23-2248

# UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

KRISTIN WORTH, et al.,

Plaintiffs-Appellees,

v.

BOB JACOBSON, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE MINNESOTA DEPARTMENT OF PUBLIC SAFETY,

Defendant-Appellant.

_____

On Appeal from the United States District Court
for the District of Minnesota (No. 0:21-cv-01348)
The Honorable Katherine M. Menendez

## CORRECTED BRIEF OF AMICI CURIAE ILLINOIS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, THE DISTRICT OF COLUMBIA, HAWAII, MARYLAND, MASSACHUSETTS, MICHIGAN, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, AND WASHINGTON IN SUPPORT OF DEFENDANT-APPELLANT'S PETITION FOR REHEARING OR REHEARING EN BANC

ALEX HEMMER
SARAH A. HUNGER
Deputy Solicitors General
115 S. LaSalle Street
Chicago, Illinois 60603
(312) 814-5526
alex.hemmer@ilag.gov

KWAME RAOUL
Attorney General
State of Illinois

JANE ELINOR NOTZ
Solicitor General

Attorneys for Amici States

*(Additional counsel on signature page)*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ii

IDENTITY AND INTEREST OF AMICI STATES ................................. 1

ARGUMENT ....................................................................................... 2

    The Case Should Be Reheard En Banc........................................... 2

    A.    The panel opinion raises questions about the constitutionality of state laws nationwide. ............................ 3

    B.    The panel opinion employs a mode of analysis that is inconsistent with *Rahimi* and will threaten state firearm regulations in other contexts. .................................. 9

CONCLUSION ...................................................................................... 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Medtronic, Inc. v. Lohr*,
518 U.S. 470 (1996) ............................................................... 4

*New York State Rifle & Pistol Ass'n v. Bruen*,
597 U.S. 1 (2022) ......................................................... 4, 8, 9

*United States v. Bena*,
664 F.3d 1180 (8th Cir. 2011) ............................................. 1

*United States v. Rahimi*,
144 S. Ct. 1889 (2024) ................................ 3, 4, 9, 10, 11, 12

*United States v. Rahimi*,
61 F.4th 443 (5th Cir. 2023) ............................................. 10

## STATUTES, REGULATIONS, AND RULES

18 U.S.C. § 922 ..................................................................... 7, 8

Fed. R. App. P. 35 ..................................................................... 2

Alaska Stat.
§ 11.61.220 ........................................................................... 6
§ 18.65.705 ........................................................................... 6

Ariz. Rev. Stat.
§ 13-3102 ............................................................................... 6
§ 13-3112 ............................................................................... 6

Ark. Code § 5-73-309 ............................................................... 6

Cal. Penal Code
§ 26150 ................................................................................. 6
§ 26155 ................................................................................. 6

§ 27505 ................................................................. 6

§ 27510 ................................................................. 6

Col. Rev. Stat. § 18-12-112.5 ................................... 6

Conn. Gen. Stat.

§ 29-28 .............................................................. 5

§ 29-34 .............................................................. 6

§ 29-35 .............................................................. 5

§ 29-36f ............................................................. 7

D.C. Code Ann.

§ 7-2502.03 ..................................................... 6, 7

§ 7-2505.2 ......................................................... 6

§ 7-2509.02 ....................................................... 5

§ 22-4507 .......................................................... 6

Del. Code Ann. tit. 11, § 1448 .............................. 5, 7

Del. Code Ann. tit. 24, § 903 ................................... 6

Fla. Stat.

§ 790.053 ........................................................... 5

§ 790.06 ............................................................. 5

§ 790.065 ........................................................... 6

Ga. Code

§ 16-11-125.1 ..................................................... 5

§ 16-11-126 ........................................................ 5

§ 16-11-129 ........................................................ 5

Haw. Rev. Stat. Ann.

§ 134-2 ............................................................ 6, 7

§ 134-9 .............................................................. 5

430 Ill. Comp. Stat.

65/2 ................................................................... 7

65/3 ................................................................... 6

65/4 ............................................................................... 6, 7

66/25 ................................................................................. 5

720 Ill. Comp. Stat. 5/24-1 ................................................ 5

Iowa Code § 724.22 ....................................................... 6, 7

Ky. Rev. Stat. § 237.110 ..................................................... 6

La. Rev. Stat. § 40:1379.3 ................................................... 6

Mass. Gen. Laws ch. 140,

§ 130 ................................................................................. 6

§ 131 ........................................................................... 5, 6, 7

§ 131E .............................................................................. 6

Md. Code Ann., Pub. Safety

§ 5-101 .............................................................................. 7

§ 5-133 .......................................................................... 5, 7

§ 5-134 .............................................................................. 6

Mich. Comp. Laws

§ 28.422 ............................................................................ 6

§ 28.425b .......................................................................... 6

Minn. Stat. § 624.714 ......................................................... 5

Mo. Rev. Stat. § 571.080 ..................................................... 6

Neb. Rev. Stat.

§ 69-2403 .......................................................................... 6

§ 69-2404 .......................................................................... 6

§ 69-2433 .......................................................................... 6

Nev. Rev. Stat. § 202.3657 ................................................. 6

N.J. Stat. Ann.

§ 2C:58-3 ..................................................... 5, 6
§ 2C:58-3.3 .................................................. 6
§ 2C:58-4 ..................................................... 5
§ 2C:58-6.1 .................................................. 6, 7

N.M. Stat. § 29-19-4 ..................................... 6

N.Y. Penal Law § 400.00 ........................... 5, 6, 7

N.C. Gen. Stat. § 14-415.121 ..................... 6

Ohio Rev. Code Ann.
§ 2923.125 ................................................. 6
§ 2923.21 ................................................... 6

Okla. Stat. tit. 21 § 1272 ............................. 5

Or. Rev. Stat. § 166.291 .............................. 6

18 Pa. Cons. Stat. § 6109 ........................... 6

R.I. Gen. Laws
§ 11-47-11 ................................................. 5
§ 11-47-18 ................................................. 5
§ 11-47-35 ................................................. 6
§ 11-47-37 ................................................. 6

S.C. Code § 23-31-215 ................................ 5

Utah Code
§ 76-10-505 ............................................... 6
§ 76-10-523 ............................................... 6

Vt. Stat. Ann. tit. 13, § 4020 ...................... 6

Va. Code § 18.2-308.02 ............................... 6

Wash. Rev. Code Ann.

§ 9.41.070 ................................................................. 6

§ 9.41.240 ............................................................. 6, 7

Wis. Stat. § 175.60 .................................................. 6

Wyo. Stat. § 6-8-104 .............................................. 6

**IDENTITY AND INTEREST OF AMICI STATES**

The amici States of Illinois, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington submit this brief in support of the rehearing petition filed by Defendant-Appellant Bob Jacobson, in his individual capacity and his official capacity as Commissioner of the Minnesota Department of Public Safety, pursuant to Federal Rule of Appellate Procedure 29(b)(2).

The amici States have a substantial interest in the public health, safety, and welfare of their communities, which includes protecting their residents from the harmful effects of gun violence and promoting the safe use of firearms. *See United States v. Bena*, 664 F.3d 1180, 1184 (8th Cir. 2011) (firearms laws "promote the government's interest in public safety" (quotation marks omitted)). To serve that interest, a substantial majority of States have historically implemented measures that regulate the sale and use of, and access to, firearms for individuals under the age of 21. Although the States have reached different conclusions on how best to regulate in this area, they share an interest

in protecting their right to address gun violence in a way that is both consistent with the Nation's historical tradition and tailored to the specific circumstances in their States.

The panel opinion threatens this important State interest. The panel held that a Minnesota statute that restricts individuals under 21 years old from carrying handguns in public violates those individuals' Second Amendment rights. Op. 2. That conclusion is incorrect, as the Commissioner explains, but, as set out below, its reasoning (if adopted elsewhere) would also threaten the amici States' own ability to protect public safety in their States. This matter thus "involves a question of exceptional importance," Fed. R. App. P. 35(a)(2), warranting rehearing en banc.

## ARGUMENT

### The Case Should Be Reheard En Banc

As the Commissioner explains, en banc review of the panel opinion is urgently needed. The panel opinion holds unconstitutional a state law that is broadly consistent with the manner in which 30 or more other States regulate firearms, and in doing so adopts a mode of analyzing Second Amendment challenges that was rejected by the

Supreme Court in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Both the panel's holding about the challenged statute and the form of reasoning the panel employed have the potential to be profoundly disruptive to amici States, and both should be revisited en banc.

A. **The panel opinion raises questions about the constitutionality of state laws nationwide.**

The Court should rehear this case en banc because the panel opinion, if not corrected, will raise questions about the constitutionality of statutes in dozens of States that, like the challenged law, protect public safety by limiting young people's access to firearms. These laws are ubiquitous: Over 30 States, including (for example) Arkansas, Iowa, Missouri, and Nebraska, ensure firearms are used responsibly by imposing restrictions governing access to firearms by those under the age of 21. And such statutes are constitutional, as the Commissioner and amici States explained to the panel, at least in part because States have enacted similar laws for over 150 years. The panel's contrary conclusion thus raises serious questions about the constitutionality of laws enacted by a substantial majority of States and enforced for well over a century.

As the Supreme Court has explained, States have substantial "latitude under their police powers to legislate as to the protection of the lives, limbs, health, comfort, and quiet of all persons," *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 475 (1996), an authority that encompasses protecting their communities against gun violence. Nothing about the methodology set out in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), is to the contrary. Even as the Court held unconstitutional the statute at issue in that case, *see id.* at 38 n.9, it emphasized its intent to preserve States' substantial authority to regulate the possession, sale, and use of firearms, explaining among other things that a State need not point to *identical* historical statutes to shoulder its burden at *Bruen*'s second step, *see id.* at 30 (States need only "identify a well-established and representative historical *analogue*, not a historical *twin*" (emphases in original)). The Court reiterated that point in its recent decision in *Rahimi*, chastising lower courts for "misunderstanding the methodology" of *Bruen* and imagining "a law trapped in amber." 144 S. Ct. at 1897. Even after *Bruen* and *Rahimi*, then, States retain meaningful authority to regulate access to firearms.

And although States have reached different conclusions about how best to regulate firearms, a substantial majority of States—at least 34—have made a judgment similar to Minnesota's, and have determined that imposing age-based restrictions on the sale or use of firearms is necessary to promote public safety and curb gun violence. Fifteen jurisdictions—Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Maryland, Massachusetts, New Jersey, New York, Oklahoma, Rhode Island, South Carolina, and the District of Columbia, in addition to Minnesota—have enacted laws that are analogous to the challenged statute, in that they prohibit people under the age of 21 from carrying certain firearms in public at all (subject, in some States, to exceptions).[1] An additional 20 States—Alaska, Arizona, Arkansas, California, Colorado, Kentucky, Louisiana, Michigan, Nebraska, Nevada, New

---

[1] Conn. Gen. Stat. §§ 29-28(b), 29-35(a); D.C. Code § 7-2509.02(a)(1); Del. Code Ann. tit. 11, § 1448(a)(5); Fla. Stat. §§ 790.06(1), (2)(b), 790.053(1); Ga. Code §§ 16-11-125.1(2.1), 16-11-126(g)(1), 16-11-129(b)(2)(A); Haw. Rev. Stat. § 134-9(a); 430 Ill. Comp. Stat. 66/25(1); 720 Ill. Comp. Stat. 5/24-1(a)(10); Md. Code Ann., Pub. Safety § 5-133(d); Mass. Gen. Laws ch. 140, § 131(d)(iv); Minn. Stat. § 624.714; N.J. Stat. §§ 2C:58-3(c)(4), 2C:58-4(c); N.Y. Penal Law § 400.00(1); Okla. Stat. tit. 21 § 1272(A); R.I. Gen. Laws §§ 11-47-11, 11-47-18; S.C. Code § 23-31-215(A). The provision of Delaware law barring people under the age of 21 from possessing certain firearms (and from carrying them in public) takes effect July 1, 2025. Del. Code Ann. tit. 11, § 1448(a)(5)(e).

Mexico, North Carolina, Ohio, Oregon, Pennsylvania, Utah, Virginia, Washington, Wisconsin, and Wyoming—prohibit people under the age of 21 from carrying certain firearms in public in a concealed manner (in some States, with exceptions), but permit them to carry those firearms openly (or, in one State, the opposite).[2]  Some of these same States have made other judgments with respect to people under the age of 21, including prohibiting them from purchasing some or all firearms[3] or

---

[2]  Alaska Stat. §§ 11.61.220(a)(6), 18.65.705; Ariz. Rev. Stat. §§ 13-3102(A)(2), 13-3112(E); Ark. Code § 5-73-309; Cal. Penal Code §§ 26150(a)(2), 26155(a)(2); Colo. Rev. Stat. § 18-12-203(1)(b); Ky. Rev. Stat. § 237.110(4)(c); La. Rev. Stat. § 40:1379.3(C)(4); Mich. Comp. Laws § 28.425b(7)(a); Neb. Rev. Stat. § 69-2433; Nev. Rev. Stat. § 202.3657(3)(a)(1); N.M. Stat. § 29-19-4(A)(3); N.C. Gen. Stat. § 14-415.12(a)(2); Ohio Rev. Code § 2923.125(D)(1)(b); Or. Rev. Stat. § 166.291(1)(b); 18 Pa. Cons. Stat. § 6109(b); Utah Code §§ 76-10-505, 76-10-523(5); Va. Code § 18.2-308.02(A); Wash. Rev. Code § 9.41.070; Wis. Stat. § 175.60(3)(a); Wyo. Stat. § 6-8-104(a)(iv), (b)(ii).

[3]  Cal. Penal Code §§ 27505, 27510; Col. Rev. Stat. § 18-12-112.5(a.5); Conn. Gen. Stat. § 29-34(b); D.C. Code Ann. §§ 7-2502.03(a)(1), 7-2505.2(c), 22-4507; Del. Code Ann. tit. 24, § 903; Fla. Stat. § 790.065(13); Haw. Rev. Stat. Ann. § 134-2(a), (d), (h); 430 Ill. Comp. Stat. 65/3(a), 65/4(a)(2); Iowa Code § 724.22(2); Mass. Gen. Laws ch. 140, §§ 130, 131E(b); Md. Code Ann., Pub. Safety § 5-134(b); Mich. Comp. Laws § 28.422(3)(b), (12); Mo. Rev. Stat. § 571.080; Neb. Rev. Stat. §§ 69-2403, 69-2404; N.J. Stat. Ann. §§ 2C:58-3(c)(4), 3.3(c), 6.1(a); N.Y. Penal Law § 400.00(1), (12); Ohio Rev. Code Ann. § 2923.21(A)(2); R.I. Gen. Laws §§ 11-47-35(a)(1), 11-47-37; Vt. Stat. Ann. tit. 13, § 4020; Wash. Rev. Code Ann. § 9.41.240.

from possessing certain firearms at all (in each case, again, subject to exceptions in some States).[4]  Congress, too, has enacted restrictions that are unique to individuals under 21, prohibiting them from purchasing handguns from federally licensed firearms dealers.[5]  The restriction the panel opinion holds unconstitutional, in other words, is not an outlier; it is consistent with the way a substantial majority of States and the federal government have chosen to handle this issue.

The panel opinion raises questions about the constitutionality of all these statutes.  The panel held that people under the age of 21 are entitled to full protection under the Second Amendment, even though such people would not have been considered part of "the People" at the time the Amendment was ratified, Op. 10-17, and further held that the Commissioner could not shoulder his burden under *Bruen* because the dozens of historical statutes and ordinances he identified were all

---

[4]  Conn. Gen. Stat. § 29-36f; D.C. Code Ann. § 7-2502.03(a)(1); Del. Code Ann. tit. 11, § 1448(a)(5); Haw. Rev. Stat. Ann. § 134-2(a), (d); 430 Ill. Comp. Stat. 65/2(a)(1), 65/4(a)(2); Iowa Code § 724.22; Md. Code Ann., Pub. Safety §§ 5-101(r), 5-133(d); Mass. Gen. Laws ch. 140, § 131(d)(iv); N.J. Stat. Ann. § 2C:58-6.1(b); N.Y. Penal Law § 400.00(1)(a); Wash. Rev. Code Ann. § 9.41.240(2), (3).  This aspect of Delaware's law takes effect on July 1, 2025.  *Supra* n.1.

[5]  18 U.S.C. § 922(b)(1), (c)(1).

distinguishable in some respect, Op. 17-27. Although amici States' own laws are distinguishable in multiple respects, including in the specific limitations they place on those under the age of 21, *supra* pp. 5-7, the panel's reasoning could be read to call into question any statute that burdens the Second Amendment rights of individuals in that age range.

The Court should not permit that result. The amici States are committed, of course, both to defending the constitutionality of their statutes and to protecting their communities from the dangers of gun violence. But the panel's broad reasoning could threaten their ability to do so, in that it may prompt litigants and even other courts to adopt a flawed and expansive view of the Second Amendment that could impair the amici States' ability to enforce their longstanding and effective public-safety statutes. The same is true for the federal restriction on commercial sales of handguns to individuals under 21, *see* 18 U.S.C. § 922(b)(1), (c)(1), which federal prosecutors in this circuit enforce and which Justice Alito specifically identified in his concurring opinion in *Bruen* as a statute that was unaffected by that decision. *See* 597 U.S. at 73 (observing that "federal law . . . bars the sale of a handgun to anyone under the age of 21"). The panel opinion, if left uncorrected, will cast a

cloud over these important public-safety measures.  Rehearing en banc
is warranted for this reason alone.

**B.    The panel opinion employs a mode of analysis that is inconsistent with *Rahimi* and will threaten state firearm regulations in other contexts.**

The panel opinion should be reheard en banc for a second reason:
It adopts a mode of analysis expressly and recently rejected by the
Supreme Court in *Rahimi*.  If left uncorrected, it will threaten States'
ability to defend all manner of firearms laws under *Bruen*'s historical
approach.  That, too, warrants rehearing en banc.

Under *Bruen*, if a plaintiff establishes that a state firearms
regulation covers conduct that is within the Second Amendment's plain
text, then the State must show that the regulation "is consistent with
the Nation's historical tradition of firearm regulation."  597 U.S. at 24.
But, as the Supreme Court explained in *Bruen* and reiterated in
*Rahimi*, a "modern-day regulation" need not be "a dead ringer for [its]
historical precursors"; thus, the State must identify only a "historical
*analogue*, not a historical *twin*."  *Bruen*, 597 U.S. at 30 (emphasis in
original); *see also Rahimi*, 144 S. Ct. at 1898 (same).  Accordingly, the
question for courts is whether the contemporary statute is "consistent

with the *principles* that underpin our regulatory tradition," keeping in mind that "the Second Amendment permits more than just those regulations identical to ones that could be found in 1791." *Rahimi*, 144 S. Ct. at 1897-98 (emphasis added).

*Rahimi* illustrates how to apply this mode of analysis. In that case, the Fifth Circuit had accepted a criminal defendant's Second Amendment challenge to a federal statute barring individuals subject to domestic-violence restraining orders from possessing firearms. *Id.* at 1896. In doing so, the court examined a range of historical measures identified by the federal government, dismissing each in turn as insufficiently similar to the challenged statute. *United States v. Rahimi*, 61 F.4th 443, 456-60 (5th Cir. 2023), *rev'd*, 144 S. Ct. 1889. For example, historical surety laws, the Fifth Circuit explained, were not "comparable" to the challenged statute because they did not rely on the same specific mechanism (namely, a prohibition on possession), *id.* at 459-60, and historical "going armed" laws were not comparable because they swept more narrowly than the challenged statute (by applying only to "violent or riotous conduct"), *id.* at 458-59. But the Supreme Court rejected this form of analogue-by-analogue analysis, chastising the Fifth

Circuit for seeking a "historical twin" rather than considering whether the federal law "comport[ed] with the principles underlying the Second Amendment." 144 S. Ct. at 1898, 1903; *see also id.* at 1925-26 (Barrett, J., concurring) ("[I]mposing a test that demands overly specific analogues has serious problems.").

The panel opinion employed exactly the mode of analysis rejected in *Rahimi*. The panel, like the Fifth Circuit, examined each statute and ordinance the Commissioner cited, and dismissed each as insufficiently similar to the challenged law in one or more respects. Op. 21-27. For instance, the Commissioner cited municipal ordinances and university rules from the Founding Era that barred individuals under the age of 21 from possessing firearms or that imposed steeper penalties on those individuals for violating safety laws, but the panel dismissed each as "very different in [its] 'how,'" Op. 22; *id.* at 23 (cited ordinances "are distinct from the 'how' of the Carry Ban"), just as the Fifth Circuit had. Similarly, the Commissioner cited 20 or more state statutes from the Reconstruction Era that limited firearm access for those under 21, but the panel rejected these statutes on the ground that they relied upon distinct mechanisms from the Minnesota statute—for instance, barring

"only *concealed* carry," Op. 25 (emphasis in original), carry of "only" certain kinds of weapons, *id.*, only the sale or transfer of weapons, *id.* at 25-26, and the like. As explained, *Rahimi* rejected exactly this kind of reasoning, under which every minor distinction between an old statute and a modern one is sufficient to reject its relevance. 144 S. Ct. at 1902-03. As Justice Barrett explained, "[h]istorical regulations reveal a principle, not a mold." *Id.* at 1925 (concurring opinion). The panel here disregarded that instruction.

The panel's error warrants rehearing en banc. States are not required to defend public-safety statutes like Minnesota's by pointing to "founding-era" twins "of [a] challenged regulation," *id.*; they can instead defend those statutes by relying on the "principles" revealed by history, *id.* at 1898 (majority opinion). The Commissioner did just that, and the panel erred in concluding otherwise. Its decision is inconsistent with *Rahimi*, and it will threaten public safety by circumscribing all States' ability to defend firearms regulations—even those that do not "precisely match [their] historical precursors," *id.*—by reference to our Nation's historical principles.

## CONCLUSION

The Court should grant the petition for rehearing en banc.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

JANE ELINOR NOTZ
Solicitor General

/s/ Alex Hemmer
ALEX HEMMER
SARAH A. HUNGER
Deputy Solicitors General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-5526
alex.hemmer@ilag.gov

ROB BONTA
*Attorney General*
*State of California*
1300 I Street
Sacramento, CA 95814

WILLIAM TONG
*Attorney General*
*State of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

PHILIP J. WEISER
*Attorney General*
*State of Colorado*
1300 Broadway, 10th Floor
Denver, CO 80203

KATHLEEN JENNINGS
*Attorney General*
*State of Delaware*
820 N. French Street
Wilmington, DE 19801

BRIAN L. SCHWALB
*Attorney General*
*District of Columbia*
400 6th Street NW, Suite 8100
Washington, DC 20001

ANTHONY G. BROWN
*Attorney General*
*State of Maryland*
200 Saint Paul Place
Baltimore, MD 21202

DANA NESSEL
*Attorney General*
*State of Michigan*
P.O. Box 30212
Lansing, MI 48909

MATTHEW J. PLATKIN
*Attorney General*
*State of New Jersey*
25 Market Street
Trenton, NJ 08625

LETITIA JAMES
*Attorney General*
*State of New York*
28 Liberty Street
New York, NY 10005

MICHELLE A. HENRY
*Attorney General*
*Commonwealth of Pennsylvania*
Strawberry Square, 16th Floor
Harrisburg, PA 17120

ANNE E. LOPEZ
*Attorney General*
*State of Hawai'i*
425 Queen Street
Honolulu, HI 96813

ANDREA JOY CAMPBELL
*Attorney General*
*Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA 02108

AARON D. FORD
*Attorney General*
*State of Nevada*
100 North Carson Street
Carson City, NV 89701

RAÚL TORREZ
*Attorney General*
*State of New Mexico*
201 3rd Street NW
Albuquerque, NM 87109

ELLEN F. ROSENBLUM
*Attorney General*
*State of Oregon*
1162 Court Street NE
Salem, OR 97301

PETER F. NERONHA
*Attorney General*
*State of Rhode Island*
150 South Main Street
Providence, RI 02903

CHARITY R. CLARK
*Attorney General*
*State of Vermont*
109 State Street
Montpelier, VT 05609

ROBERT W. FERGUSON
*Attorney General*
*State of Washington*
P.O. Box 40100
Olympia, WA 98504

August 2, 2024

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(b)(4) because it contains 2,552 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii). This brief complies with the typeface requirement of Rule 32(a)(5) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word.

Pursuant to this Court's Rule 28A(h), I certify that the electronic version of this brief has been scanned for viruses and that no virus was detected.


/s/ Alex Hemmer
ALEX HEMMER

August 2, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2024, I electronically filed the foregoing Corrected Brief of Amici Curiae Illinois et al. with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ Alex Hemmer
ALEX HEMMER